**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONNIE MORRIS, | : | |
| | : | **Hon. Noel L. Hillman** |
| Petitioner, | : | |
| | : | Civil No. 10-1511 (NLH) |
| v. | : | |
| | : | |
| DONNA ZICKEFOOSE, | : | |
| | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES**:

> RONNIE MORRIS, #11440-055
> Volunteers of America
> Rochester Halfway House
> 175 Ward Street
> Rochester, NY 14605
> Petitioner Pro Se

**HILLMAN**, District Judge

Ronnie Morris ("Petitioner") filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the Warden's failure to authorize a release gratuity for Petitioner in the amount of $500.00.  This Court will summarily dismiss the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to assert his claims in a properly filed action of the kind authorized by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)..

### I.   BACKGROUND

Petitioner asserts that on March 10, 2010, he submitted to the Warden a request to grant him a gratuity of $500.00 upon his anticipated release, pursuant to Program Statement 5873.06 and 18 U.S.C. § 3624(d)(2).  He alleges that on March 17, 2010, his case

manager informed him that she was recommending a $100.00 release gratuity for Petitioner.  Petitioner asks this Court to order Warden Zickefoose to give Petitioner the sum of $500.00 as a gratuity prior to his placement in a community corrections center, which was scheduled to occur on April 15, 2010.

## II.   STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490

2

U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief").

The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

### III.   DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time.  See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998). Federal law provides two avenues of relief to prisoners:  a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 action."  Id.  The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas

>     corpus petition.  Conversely, when the
>     challenge is to a condition of confinement
>     such that a finding in plaintiff's favor
>     would not alter his sentence or undo his
>     conviction, an action under § 1983 is
>     appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

In this Petition, Petitioner contends that the Warden is violating a program statement and statute by failing to authorize a $500.00 release gratuity.  However, because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody," Wilkinson v. Dotson, 544 U.S. 74, 81 (2005), and Petitioner does not seek either speedier release or a judicial determination that necessarily implies the unlawfulness of his incarceration, this Court lacks habeas jurisdiction.  See McCall v. Ebbert, 2010 WL 2500376 (3d Cir. Jun. 21, 2010) (District Court properly dismissed for lack of jurisdiction § 2241 petition challenging transfer to increased security level and conditions of confinement); Zapata v. United States, 264 Fed. App'x. 242 (3d Cir. 2008) (District Court lacks jurisdiction under § 2241 to entertain inmate's challenge to prison transfer); Ganim v. Federal Bureau of Prisons, 2007 WL 1539942 (3d Cir. May 29, 2007) (same); Bronson v. Demming, 56 Fed. App'x. 551, 553-54 (3d Cir. 2002) (habeas relief is unavailable to inmate seeking

release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint).[1]  The Court will therefore dismiss the Petition without prejudice to any right Petitioner may have to assert his claim in a properly filed complaint, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[2]  Id.

---

[1] This Court makes no finding regarding the merits of Petitioner's claim.

[2] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee.  See Santana v. United States, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of Prison Litigation Reform Act do not apply to in forma pauperis habeas corpus petitions and appeals).  In contrast, the filing fee for a Bivens complaint is $350.00.  Inmates filing a Bivens complaint who proceed in forma pauperis are required to pay the entire filing fee in monthly installments, which are deducted from the prison account.  See 29 U.S.C. § 1915(b).  In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Because of these differences, this Court will not sua sponte recharacterize the pleading as a civil complaint.  If Petitioner chooses to bring a civil complaint, he may do so by filing a complaint in a new docket number.

6

### **III. CONCLUSION**

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.

/s/ NOEL L. HILLMAN<br>
<b>NOEL L. HILLMAN,</b> District Judge

Dated:  October 29, 2010

At Camden, New Jersey